**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HARJOT SINGH,<br>Petitioner,<br>v.<br>LUIS SOTO, *et al.*,<br>Respondents. | Civ. No. 26-1007<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is Petitioner Harjot Singh's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 5. Respondents opposed the motion. ECF No. 8. Petitioner filed a reply. ECF No. 9. The Court decides the motion without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will deny Petitioner's motion.

**WHEREAS** on February 2, 2026, Petitioner filed a petition for a writ of habeas corpus. ECF No. 1. In his petition, Petitioner alleged that he is a native and citizen of India who had resided in the United States since 2024. *Id*. ¶ 1. Petitioner alleged that ICE detained him on January 27, 2026, and unlawfully classified him under 8 U.S.C. § 1225. *Id*. at 2, 6; and

**WHEREAS** on February 3, 2026, the Court agreed with Petitioner and held "that Petitioner is subject to detention under [8 U.S.C.] § 1226(a)," not § 1225(b). ECF No. 3 (*citing Rivas Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628 (D.N.J. Dec. 3, 2025); *Rivera Zumba v. Bondi*, No. 25-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025)). In that same Order, the Court ordered that Petitioner was entitled to a bond hearing "in accordance with 8 C.F.R 236.1(c)(8) and (d)(1)." *Id.*; and

**WHEREAS** on February 9, 2026, an Immigration Judge held a bond hearing for Petitioner and ordered release on $10,000 bond. ECF No. 4; and

**WHEREAS** on February 17, 2026, Petitioner filed the instant motion for fees under the EAJA. ECF No. 5. Respondents opposed the motion ECF No. 8, and Petitioner thereafter filed a reply, ECF No. 9; and

**WHEREAS** the EAJA "provides that the prevailing private party 'in any civil action (other than cases sounding in tort)' brought by or against the United States is entitled to attorneys' fees and costs" "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 422–23 (3d Cir. 2026) (quoting 28 U.S.C. § 2412(d)(1)(A)) ("[W]e hold 'civil action' in the EAJA clearly encompasses habeas challenges to immigration detention under 28 U.S.C. § 2241."). Here, in its February 3, 2026, Order, the Court granted in part Petitioner's habeas petition. ECF No. 3. Therefore, Petitioner is a "prevailing party" in an eligible civil action against the United States. *Martinez Amaya v. Bondi*, No. 26-1945, 2026 WL 1078278, at *1 (D.N.J. Apr. 21, 2026); and

**WHEREAS** however, the Court agrees with Respondents that their position in detaining Petitioner and in this litigation was "substantially justified" for purposes of the EAJA. 28 U.S.C. § 2412(d)(1)(A); *see* ECF No. 8 at 3–5. Like countless other cases across this District and the Nation, this litigation stems from Respondents' view that non-citizens like Petitioner (*i.e.*, non-citizens who are apprehended for lack of legal status in the interior of the country after living here for a substantial period of time) are subject to mandatory detention pursuant to § 1225(b)(2). ECF No. 8 at 4–5; *see Delgado v. Bondi*, No. 25-18478, 2026 WL 2268606, at *3–4 (D.N.J. Aug. 6, 2026) ("Respondents 'were following a binding administrative decision in detaining Petitioner.'"

(citation omitted)). As previously discussed, the Court disagrees with that position and held that Petitioner is subject to detention under § 1226(a). *See* ECF No. 3. However, "courts may 'not assume the position of the Government was not substantially justified simply because it lost.'" *Martinez Amaya*, 2026 WL 1078278, at *1 (quoting *Michelin*, 169 F.4th at 433); and

**WHEREAS** relevant here, the courts of appeals are split on the validity of Respondents' position. *Compare Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026) (holding that § 1226(a), not § 1225(b)(2), applies to non-citizens like Petitioner); *Guerrero Orellana v. Moniz*, No. 25-2152, 2026 WL 2352042, at *1 (1st Cir. Aug. 13, 2026) (same), *and Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *10, *26 (9th Cir. July 30, 2026) (same), *and Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026) (same), *and Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251, 1251 n.13 (10th Cir. 2026) (same), *and Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026) (same), *and Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026) (same), *and Barbosa da Cunha v. Freden*, 175 F.4th 61, 69–70 (2d Cir. 2026) (same), *and Lopez Garcia v. Guadian*, No. 25-7044, 2026 WL 2661092, at *21 (4th Cir. Sept. 10, 2026) (same), *with Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (holding that § 1225(b)(2) applies to non-citizens like Petitioner), *and Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026) (same);[1] and

[1] The losing party in at least two of these cases are seeking review from the Supreme Court. *See Buenrostro-Mendez v. Blanche*, No. 25-20496 (5th Cir. July 14, 2026), ECF No. 263 (U.S. Supreme Court notice regarding a petition for a writ of certiorari filed by petitioner-appellee in the Fifth Circuit); *Lopez-Campos v. Raycraft*, No. 25-1965 (6th Cir. June 26, 2026), ECF No. 52 (U.S. Supreme Court notice regarding a petition for a writ of certiorari filed by respondent-appellant in the Sixth Circuit).

**WHEREAS** Respondents' position being accepted by other federal courts, including two courts of appeals, is an "'objective indicia' of substantial justification" for purposes of the EAJA. *Martinez Amaya*, 2026 WL 1078278, at *2 (citation omitted); *see also Moreno Ramirez v. Jamison*, No. 25-7346, 2026 WL 2019559, at *3 (E.D. Pa. July 13, 2026); *Diaz v. Bondi*, No. 26-46, 2026 WL 1213196, at *1 (D.N.J. May 4, 2026) ("[T]his background makes it clear that while this Court and the majority of federal courts to have ruled thus far disagree with the Government's position, a reasonable person could be satisfied that the Government's legal position in this matter was justified to a reasonable degree." (citing *Tyagi v. Soto*, No. 26-962, 2026 WL 1052894, at *2 (D.N.J. Apr. 20, 2026)). Therefore, "[g]iven the state of precedent on [the issue presented by Petitioner's habeas action], this Court finds that [Respondents'] position was substantially justified, even if ultimately unsuccessful" in this case. *Bapary v. Soto*, No. 26-3541, 2026 WL 1734911, at *2 (D.N.J. June 16, 2026) (citation omitted); *see also Guerreo-Gaspar v. Bondi*, No. 25-19003, 2026 WL 2225552, at *1 (D.N.J. Aug. 3, 2026).

Accordingly, for the reasons stated above, **IT IS** on this 14th day of September 2026;

**ORDERED** that Petitioner's motion for attorney's fees under the EAJA (ECF No. 5) is **DENIED**; and it is further

**ORDERED** that the Office of the Clerk of the Court is directed to close this file.

**SO ORDERED**.

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**